IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WILLIAMS a/k/a MICHAEL FOSTER,<br>    Plaintiff, | : <br> : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 21-CV-4135 |
| | : | |
| DEPARTMENT OF CORRECTIONS, *et al.*,<br>    Defendants. | : <br> : <br> : | |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                NOVEMBER 1, 2021

      Plaintiff James Williams, also known as Michael Foster, a prisoner currently incarcerated at SCI-Forest, has filed a Complaint raising constitutional claims pursuant to 42 U.S.C. § 1983, stemming from paperwork completed upon his incarceration. For the following reasons, the Court will dismiss the Complaint in its entirety for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), and deny Williams's pending Motion.

**I.     FACTUAL ALLEGATIONS**

      The Complaint names the following Defendants: (1) the Pennsylvania Department of Corrections ("DOC"); (2) John Wetzel, the Secretary of Corrections; and (3) Derek F. Oberlander, the Superintendent of SCI-Forest. The basis for Williams's claims appears to concern paperwork filed upon his commitment to the DOC's custody. He alleges that on November 15, 2012, upon his commitment to SCI-Graterford, he was "fraudulently entered into

1

a contract/agreement during the intake procedures/process" as memorialized in a DC-155 form.[1] (ECF No. 2 at 5.)[2]

The Court understands Williams to be alleging that this form, described as a power of attorney, was fraudulently completed on his behalf, and gave the DOC control over his assets. (*Id.* at 6.)  In that regard, he alleges that the Defendants "by being Superintendents and Secretarys [sic] of the Department of Corrections" violated his property rights "through use of threats, duress coercion and force" and "through Fraud, Forgery, Theft by Deception and unlawful taking." (*Id.* at 5.)  Williams also contends that he is subject to "unlawful incarceration by and through a fraudulent contract" causing his confinement within the DOC. (*Id.*)  Williams avers he was never given a copy of the form and suggests that he was not aware of the "fraudulent contract/agreement" until March 2021. (*Id.*)

Williams asserts that he sustained various injuries, including assorted mental distress and hair loss. (*Id.* at 6.)  He also claims to have suffered financial injuries "in which my name and property was/is being used for business purposes" to generate money for SCI-Forest. (*Id.*) Williams appears to be bringing due process claims, takings claims, equal protection claims, Eighth Amendment claims, and claims under the Pennsylvania Constitution. (*Id.* at 4.) Among

---

[1] Public dockets reflect that Williams was sentenced to life imprisonment for murder on November 9, 2012, so his commitment to SCI-Graterford around this time correlates with that sentence. *See Commonwealth v. Williams*, CP-51-CR-0007513-2010 (Phila. C.P.).  The criminal docket reflects that Williams's appeal and efforts to obtain post-conviction relief have thus far been unsuccessful. *See id.*  At times, the Complaint could be understood to be alleging that Williams's confinement within the DOC is unlawful because he did not consent to his incarceration.  If Williams is, in fact, pursuing such a claim, it is dismissed as legally frivolous because his conviction and sentence provide lawful authority for his incarceration in the custody of the DOC.  *See* 28 U.S.C. § 1915A(b)(1); *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995) (a claim is frivolous if it is "based on an indisputably meritless legal theory").

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

other things, Williams asks the Court to "revoke this Fraudulent Power of Attorney contract/agreement" and award him assorted damages.  (*Id.* at 6.)

## II.     STANDARD OF REVIEW

Although Williams has paid the fees to commence this civil action, the Court is still obligated to screen his Complaint pursuant to 28 U.S.C. § 1915A, which requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  *Id.* § 1915A(b)(1).

To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Williams is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Williams brings his claims pursuant to § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Complaint fails to state a basis for a claim.

### A. The DOC is Not Subject to Suit Under § 1983

States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). As a department of the Commonwealth, the DOC is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (per curiam) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). The Court will therefore dismiss the claims against the DOC with prejudice.

### B. Failure to State a Claim Against the Individual Defendants

Apart from the DOC, Williams named Secretary of Corrections Wetzel and Superintendent of SCI-Forest Oberlander as Defendants in this case. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207. Additionally, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*,

766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Williams's claims against Wetzel and Oberlander appear to be based on their current positions as Secretary of the DOC and Superintendent of SCI-Forest, respectively. However, Williams has not alleged any facts establishing how they were personally involved in the events of 2012 that took place when Williams was brought into DOC custody at SCI-Graterford. Nor has he alleged any facts establishing that they maintained a policy or acquiesced in violations of their subordinates, or that they were aware in any respect of the events giving rise to Williams's claims. In sum, Williams has not alleged a basis for Wetzel's and Oberlander's liability. *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

In any event, Williams has not alleged an underlying constitutional violation. Although the Court construes Williams's claims liberally, it may not credit his legal conclusions, such as his allegations that he was entered into a fraudulent contract or deprived of his property without

5

due process. Since much of Williams's allegations are simply legal conclusions, little factual allegations remain. Williams refers to a form (the DC-155) and claims this form led to a violation of his rights, but he does not explain what the form said or explain how the allegedly fraudulent placement of his name on this form led to a specific deprivation of his property or otherwise violated his constitutional rights. Other than generally alluding to property or assets, he does not specifically identify any property that was taken, allege the circumstances under which it was taken, or explain how the property was taken for public use.[3] Accordingly, Williams has failed to allege sufficient factual matter to state a plausible constitutional claim.[4]

---

[3] The Fifth Amendment's Takings Clause prohibits the government (1) from taking private property for public use (2) without just compensation. U.S. Const. amend. V. The Takings Clause is made applicable to the states by the Fourteenth Amendment. *See Murr v. Wisconsin*, 582 U.S. ___, 137 S.Ct. 1933, 1942 (2017) (citing *Chi., B. & Q. R. Co. v. Chicago*, 166 U.S. 226 (1897). It applies not only to the taking of real property, but also to government efforts to take identified funds of money. *See, e.g., Phillips v. Wash. Legal Found.*, 524 U.S. 156, 160, 164-65 (1998); *Webb's Fabulous Pharms., Inc. v. Beckwith*, 449 U.S. 155, 164-65 (1980).

[4] Additionally, Williams alludes to equal protection but does not allege facts from which it could be inferred that he was treated differently from similarly situated inmates. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) ("[T]o state a claim for 'class of one' equal protection, a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment."). He also invokes the Eighth Amendment but has not alleged any objectively serious conditions that threatened his health or safety, nor has he alleged plausibly that the Defendants treated him with deliberate indifference. *See Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) ("To determine whether prison officials have violated the Eighth Amendment, we apply a two-prong test: (1) the deprivation must be 'objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities'; and (2) the prison official must have been 'deliberate[ly] indifferen[t] to inmate health or safety.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))). To the extent Williams invokes the Pennsylvania Constitution, it does not provide a damages remedy. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

*See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Williams's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). The Court will dismiss Williams's claims against the DOC with prejudice because the defects in those claims cannot be cured, but will permit him to file an amended complaint as to his remaining claims in the event he can allege additional information that would state a basis for a plausible claim. An appropriate Order follows, which provides further instruction as to amendment. Williams's "Motion for Discovery, Interrogatories and Request for Production of Documents" will be denied without prejudice at this time as premature.[5]

                                              **BY THE COURT:**

                                              **/s/ Juan R. Sánchez**
                                              **JUAN R. SÁNCHEZ, C.J.**

---

[5] This case has not yet proceeded to discovery. In any event, if this case proceeds to discovery, Williams should note that discovery requests are generally not filed with the Court and that the parties must confer in an effort to resolve discovery disputes prior to filing discovery motions. *See* Local Rule 26.1(f).