IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES WILLIAMS a/k/a MICHAEL    :
FOSTER,                                     :
    Plaintiff,                         :
                                        :
    v.                                 :        CIVIL ACTION NO. 21-CV-4135
                                        :
DEPARTMENT OF CORRECTIONS,   :
*et al.*,                                 :
    Defendants.                  :

## ORDER

AND NOW, this 1st day of November, 2021, upon consideration of Plaintiff James

Williams a/k/a Michael Foster's *pro se* Complaint (ECF No. 2) and "Motion for Discovery,

Interrogatories and Request for Production of Documents" (ECF No. 9), it is **ORDERED** that:

1.      The Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. §

1915A(b)(1), for the reasons stated in the Court's Memorandum as follows:

        a.   Williams's claims against the Department of Corrections are **DISMISSED**

           **WITH PREJUDICE**; and

        b.   Williams's claims against John E. Wetzel and Derek F. Oberlander are

           **DISMISSED WITHOUT PREJUDICE**.

2.      Williams may file an amended complaint within thirty (30) days of the date of this

Order only as to those claims the Court dismissed without prejudice.  Any amended complaint

must identify all defendants in the caption of the amended complaint in addition to identifying

them in the body of the amended complaint and shall state the basis for Williams's claims

against each defendant.  The amended complaint shall be a complete document that does not rely

on the initial Complaint or other papers filed in this case to state a claim.  When drafting his

amended complaint, Williams should be mindful of the Court's reasons for dismissing the claims

in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an

amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

      3.      The Clerk of Court is **DIRECTED** to send Williams a blank copy of the Court's

form complaint for a prisoner filing a civil rights action bearing the above civil action number.

Williams may use this form to file his amended complaint if he chooses to do so.[1]

      4.      If Williams does not wish to amend his Complaint and instead intends to stand on

his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir.

2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the

action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the

district court did not abuse its discretion when it dismissed with prejudice the otherwise viable

claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the

dismissal of those claims").

      5.      If Williams fails to file any response to this Order, the Court will conclude that

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Williams intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See*

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

inferred from inaction after issuance of an order directing him to take action to cure a defective

complaint).

      6.    The "Motion for Discovery, Interrogatories and Request for Production of

Documents" is **DENIED WITHOUT PREJUDICE**.

**BY THE COURT:**

                                        **/s/ Juan R. Sánchez**
                                        **JUAN R. SÁNCHEZ, C.J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).